EDWIN PIERCE *vs.* SYLVESTER EATON.

A judgment, obtained after the *St.* of 1838, *c.* 163, took effect, upon a debt contracted before,
    is barred by a certificate under § 7 of that statute, discharging the debtor from " all debts
    founded on any contract made " after that act went into operation.

ACTION OF CONTRACT upon a judgment obtained in the court
of common pleas in 1841, in an action for money paid by the
plaintiff to the defendant's use in 1835. The only defence relied
on was a certificate of discharge granted to the defendant in
1857, according to the *St.* of 1838, *c.* 163, § 7, under proceed-
ings in insolvency, in which neither the original claim nor the
judgment was proved. The parties, both of whom were citi-
zens of the Commonwealth, submitted the case to the decision
of the court upon these facts.

*C. P. Judd,* for the plaintiff. A certificate of discharge of an
insolvent debtor is limited to " debts founded on any contract
made by him after this act shall go into operation," unless they
are actually proved in insolvency. *St.* 1838, *c.* 163, § 7. *French*
v. *Morse,* 2 Gray, 112. *Wilmarth* v. *Burt,* 7 Met. 261. 1 Kent
Com. (6th ed.) 422. The claim upon which this action is
brought is founded upon a contract made before the insolvent

**law** took effect; namely, the defendant's agreement to pay to the plaintiff the money paid by him to his use in 1835. A judgment does not so completely extinguish the contract upon which it is founded as to become a new contract within the meaning of the insolvent law. *Wyman* v. *Mitchell*, 1 Cow. 316. *Raymond* v. *Merchant*, 3 Cow. 151. *In re Wendell*, 19 Johns 153. *Clark* v. *Rowling*, 3 Comst. 220, 228. *Betts* v. *Bagley*. 12 Pick. 580. *Watson* v. *Bourne*, 10 Mass. 337. *Owens* v. *Bowie*, 2 Maryland, 457. *Hobblethwaite* v. *Batturs*, 1 Miles, 82. 3 Bl. Com. 396, 397. Rev. Sts. *c.* 90, § 111. *Blanchard* v. *Goss*, 2 N. H. 491. When this contract was made in 1835, the constitution of the United States protected it from the action of the insolvent law, and this protection followed it into and formed a part of the judgment. *Same cases.* Const. U. S. art. 1, § 10. *St.* 1838, *c.* 163, § 25. 1 Kent Com. 419, note *a.* *McCracken* v. *Hayward*, 2 How. 612, 613. *Boyle* v. *Zacharie*, 6 Pet. 635. *Morse* v. *Lowell*, 7 Met. 152. The decisions in *Sampson* v. *Clark*, 2 Cush. 173, *Woodbury* v. *Perkins*, 5 Cush. 88, and similar cases, only held that a judgment obtained after commencement of proceedings in insolvency or bankruptcy upon a debt contracted before was not that debt; but did not decide that it was not founded upon that debt.

*J. H. Tyler*, for the defendant.

DEWEY, J. This case seems to fall directly within the principle settled by this court in the case of *Bangs* v. *Watson*, 9 Gray, 211. That was an action on a judgment; and to an answer setting forth a discharge in insolvency, the plaintiff replied that the original cause of action upon which the judgment was rendered was an indebtedness for necessaries furnished to the defendant, which was, by *St.* 1848, *c.* 304, § 10, exempted from the effect of a discharge. But the court held, that the original cause of action was no longer the existing debt, but that the judgment was the debt, and, like other debts, the subject of a discharge by proceedings in insolvency.

The original cause of action in the present case, being a demand for money lent prior to the *St.* of 1838, *c.* 163, was by that statute exempt from its operation, and had the plaintiff

elected to retain his demand in its original form, the discharge in insolvency would have been no bar to it. But having changed its character into that of a judgment after the passage of the insolvent law, and by so doing secured to himself all the benefits of a judgment, he also subjected his debt in its new form to the operation of the insolvent law authorizing a discharge of the debtor. *Sampson* v. *Clark*, 2 Cush. 173. *Rindge* v. *Breck*, 10 Cush. 43.

*Judgment for the defendant.*